UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTUR ROJSZA, MARGARET ROJSZA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FERNDALE, et al.,<br><br>Defendants. | CASE NO. C12-2152 MJP<br><br>ORDER GRANTING STAY |

This matter comes before the Court on Defendants' motion for partial summary judgment, or in the alternative, a partial stay. (Dkt. No. 23 at 2.) The Court considered the motion, the Complaint, and all related documents. Plaintiffs failed to submit a response to the motion. Local Civil Rule 7(b) says where "a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The Court GRANTS the motion and stays this case.

ORDER GRANTING STAY- 1

## Background

Artur and Margaret Rojsza brought this action against the City of Ferndale and several of its officers in their personal and official capacities for violations of civil rights, false arrest, malicious prosecution, intentional infliction of emotional distress, and negligence. (Dkt. No. 1.) This was the second case Plaintiffs brought in this District against Defendants as a result of several different incidents. (Id. at 9.) This case is based on Artur Rojsza's criminal prosecution for zoning violations involving the construction of the Rojszas' home in Ferndale. (Id.)

Plaintiffs claim they applied for City permits to renovate their house in Ferndale in 2004, 2005 and 2006, but each application was rejected. (Id. at 10.) In September of 2009, the Rojszas appeared at a public meeting to speak against a proposed new police station, and shortly after received a notice of violation concerning the building of their house. (Id.) The Rojszas claim they met with the City and all appeared to be resolved, but on December 11, 2009 the City of Ferndale issued a criminal citation to Artur Rojsza, claiming he failed to comply with the notice of violation. (Id.)

The Rojszas claim the City issued them a permit for the renovation of their home and they began construction in May 2010. (Dkt. No. 1 at 11.) The Rojszas allege the criminal prosecution was ongoing during this time, until the City dismissed it in June 2011. (Id.) Shortly after dismissing the criminal action against Mr. Rojsza, the City charged him and his son with 104 misdemeanors for having an illegal campaign sign for his son's mayoral campaign. (Id.) The prosecution was dismissed by the Ferndale County Municipal Court. (Id.) Plaintiffs also claim Ferndale Police and other officers have unlawfully entered their property, taken photographs and seized personal property without a warrant or permission. (Id. at 12.)  Plaintiffs believe they were

targeted due to their speech, their Polish accents and foreign birth in violation of their Constitutional rights. (Dkt. No. 1 at 11.)

Defendants argue in April 2010 they issued a permit to Plaintiffs to remodel their house, but on July 19, 2010 a stop work order was issued because the construction was not in conformance with the approved plans. (Dkt. No. 23 at 4.) The Parties met and agreed to conditions to have the stop work order lifted, but Defendants argue the conditions were never satisfied. (Id. at 6-7.) On May 11, 2011, the City sent Plaintiffs a letter saying due to lack of inspections their building permit expired, and Plaintiffs did not take any administrative appeal of this letter. (Id. at 7.) On June 16, 2011, the City sent Plaintiffs an "Order to Comply" which said the City required them to submit materials for a new application on or before July 18, 2011, in order to correct violations and avoid penalties, and this was not appealed by Plaintiffs. (Id.) On July 1, 2011, Defendants say the City performed a structural inspection of Plaintiffs' home and determined it was in violation of Ferndale Municipal Code. (Id. at 8.)

Defendants allege a criminal citation was issued to Plaintiffs in June 2011 because they filed to submit a new building permit application by the deadline pursuant to the Order to Comply. (Dkt. No. 23 at 8.) In September 2011, Plaintiffs did submit the required information, and the City notified the Rojszas the new building permit was ready to issue but also informed them the City would require an assignment of funds or a bond for no less than $30,000 to allow the City to hire a contractor to finish the exterior siding of the Rojszas' home. (Id. at 8-9.) Defendants claim they offered to withdraw this condition later so long as the Rojszas timely installed siding on their house. (Id. at 9.) Defendants argue the 2011 permit never issued because Plaintiffs never picked it up; instead the Rojszas filed an appeal to the City's Hearing Examiner, claiming their original permit never expired and the City had no authority to require a bond. (Id.)

On February 15, 2012, the Hearing Examiner for the City of Ferndale upheld the requirement of a new permit and the bond. (Dkt. No. 24-2 at 34.) On March 6, 2012, Plaintiffs appealed this decision under the Land Use Petition Act (LUPA, 36.70c RCW) to Washington Superior Court, adding a due process claim. (Dkt. No. 23 at 9-10.) The Superior Court entered an Order reversing the Hearing Examiner. (Dkt. No. 24-3 at 30.) The City appealed to the Washington Court of Appeals. (Dkt. No. 23 at 10.) This appeal is currently pending. (Id.)

Defendants ask the Court to dismiss Plaintiffs' claims relating to the building permit, arguing the Rojszas allege two different factual scenarios in the State and Federal cases, and they should be prevented from doing so by the doctrine of judicial estoppel. (Dkt. No. 23 at 16.) Alternatively, Defendants argue the Court should impose a stay on all claims in this case where the same or a similar claim is pending in the state court action. (Id. at 19.)

**Analysis**

Defendants label their motion a motion for summary judgment and ask the Court to dismiss Plaintiffs' claims on grounds of judicial estoppel. (Dkt. No. 23 at 17.) Alternatively, they ask for a stay of this case with respect to all claims related to the building permit state court action until the state court action is concluded. (Id. at 19.) The Court declines to enter summary judgment on or dismiss Plaintiffs' claims, but finds a stay of the case appropriate.

The rule of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another case." Pegram v. Herdrich, 530 U.S. 211, 227, n.8 (2000). When a party assumes a position in a legal proceeding and is successful, he cannot thereafter assume a contradictory position simply because his interests have changed. New Hampshire v. Maine, 532 U.S. 742, 749 (2001). In

deciding whether judicial estoppel should apply, a court should consider (1) whether a party's later position is clearly inconsistent with an earlier position, (2) whether the party has been successful in persuading a court to adopt its earlier position, so that acceptance of an inconstant position would create a presumption that either the first or second court was mislead, and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Id. at 750. "Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations." Id. at 750-51 (internal citations omitted).

Defendants' assertion of judicial estoppel is premature. Defendants acknowledge the issues in state court are still pending at the appellate level. (Dkt. No. 23 at 10.) Dismissing the claims on the basis of judicial estoppel is not appropriate under these circumstances. However, staying this case pending the outcome of the appeal in state court is appropriate.

A stay of proceedings is incidental to the power of the Court to control its own docket and to dispose of cases with economy of time and effort for itself, for counsel, and for litigants. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). To determine whether a stay is appropriate, a court should weigh the competing interests, including (1) the possible damage which may result from granting a stay, (2) the hardship or inequities the moving party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof and questions of law which could be expected to result from a stay. Rygg v. Hulbert, 2013 U.S. Dist. LEXIS 1559, *6 (W.D. Wash.).

There is no hardship for Plaintiffs if a stay is granted because they are only seeking damages and attorneys fees. (Dkt. No. 23 at 20.) Plaintiffs have not shown they will be prejudiced by a delay of this case.  Defendants will suffer hardship if required to go forward by

1  having to engage in potentially duplicative, unnecessary, or inconsistent litigation. Both parties
2  will benefit from a stay, because it will simplify and expedite proceedings in this Court. All
3  factors weigh in favor of a stay. Defendants ask for only "partial stay" of the case. (Dkt. No. 23
4  at 21.) They ask the Court to stay the portion of the Complaint related to the state court actions,
5  paragraphs 2.7 through 2.24. The Court notes this leaves only two short paragraphs in the facts
6  of the complaint that appear to be intertwined with the remainder of the facts. (Dkt. No. 1 at 8-9.)
7  A partial stay under these circumstances will be disruptive to the case, with the potential to
8  create unnecessarily complicated litigation. The motion is GRANTED and the case is STAYED
9  in full, pending the outcome of the related case in the Court of Appeals.

## Conclusion

Because the outcome of a related case pending in the Court of Appeals will simplify and expedite the litigation here, Defendants' motion for a stay is GRANTED and this case is STAYED in its entirety pending the outcome of the related case, <u>Artur Rojsza v. City of Ferndale</u>, pending in the Court of Appeals of the State of Washington, Division One.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 22nd day of August, 2013.

*[signature]*

Marsha J. Pechman
Chief United States District Judge